# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| In re: ) | MDL No.: 8:11-mn-02000-JMC | |
| Building Materials Corporation of ) | | |
| America Asphalt Roofing Shingle Products ) | | |
| Liability Litigation ) | **ORDER AND OPINION** | |
| ) | | |
| _____) | | |
| This filing relates to the Management ) | | |
| File here captioned and the following ) | | |
| related Claim No.: ) | | |
| 17002558 ) | | |
| _____) | | |

This matter is before the court pursuant to Nathan Meinhardt's ("Meinhardt") *pro se* Motion to Overrule Special Master's 12/8/17 Findings (ECF No. 454-3 at 27-30) and Grant Compensation to Appellant Under the Settlement Agreement (ECF No. 456-1). (ECF No. 450.) GAF Materials Corporation ("GAF") filed a response in opposition (ECF No. 454). For the reasons set forth below, the court **DENIES** Meinhardt's Motion (ECF No. 450).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to the Non-Mobile Settlement Agreement, Meinhardt opened a class action claim on August 6, 2015, relating to Timberline® shingles installed on his property located at 27496 Bayshore Drive, Isanti, Minnesota.[1] (ECF No. 454-1.) As part of his claim, Meinhardt submitted proof that he had purchased the subject shingles in November 2001 and February 2002. (ECF No. 454-1 at 17-21.) On August 13, 2015, Meinhardt stated as part of the Claim Form that he had not made a prior warranty claim for the shingles that are the subject of this appeal by circling "No" in

---

[1] The subject shingles were manufactured in a plant other than the GAF plant in Mobile, Alabama. Therefore, the provisions of the Non-Mobile Settlement Agreement apply. (ECF No. 456-1 at 3.)

1

response to the Claim Form's question: "Have you (or to your knowledge any prior owner) ever made a warranty claim to GAF regarding the Timberline® shingles that are the subject of this claim?" (ECF No. 454-1 at 14.)

To the contrary, on October 20, 2011, Meinhardt had submitted a warranty claim for the same Timberline® shingles installed on the same structure at 27496 Bayshore Drive, Isanti, Minnesota. (ECF No. 454-4.) As part of that warranty claim, Meinhardt submitted evidence showing that he had purchased the shingles in two installments; some in November 2001, and the rest in February 2002. (*Id*. at 4-8.) Because of the two separate purchase dates, Meinhardt opened a second warranty claim on September 12, 2012. (ECF No. 454-5.)

In connection with the 2011 and 2012 warranty claims, Meinhardt executed two written releases expressly releasing GAF from all future claims related to the shingles purchased in 2001 and 2002 and installed on the structure at 27496 Bayshore Drive, Isanti, Minnesota. (ECF No. 454-6.) The releases read:

> Please acknowledge your agreement to the full settlement detailed above by signing this letter and mailing it in the return envelope provided. This signed letter will be considered by GAF to be a full release from any and all claims you may have against GAF arising out of or in connection with the shingles involved in this claim.

(*Id*.) With respect to the shingles Meinhardt purchased in February 2002, Meinhardt signed the release on September 21, 2012. (*Id*. at 2.) On October 15, 2012, Meinhardt received compensation in the amount of $8,170.00 for the shingles purchased in 2002. (ECF No. 454-7.) With respect to shingles purchased in November 2001, Meinhardt signed the release on July 16, 2014. (ECF No. 454-6 at 3.) He received compensation in the amount of $1,124.20 for those shingles on September 15, 2014. (ECF No. 454-8.) All of this occurred before the Non-Mobile Settlement Agreement was approved in the class action lawsuits.

2

On May 3, 2016, the claims administrator denied Meinhardt's class action claim pursuant to § 7.12(c) of the Non-Mobile Settlement Agreement.[2] (ECF No. 370 at 3.) Meinhardt appealed this denial to the Special Master, who dismissed the appeal on December 8, 2017. (ECF No. 449.) On December 22, 2017, Meinhardt appealed the decision from the Special Master, asserting that the Special Master did not comply with a deadline to request an inspection of his roof under § 7.16(d) of the Non-Mobile Settlement Agreement.[3] (ECF No. 454-2 at 33.) In its Response, GAF states that § 7.16(d) is "of no importance because Meinhardt's claim is expressly barred by § 4.2(b) of the Non-Mobile Settlement Agreement."[4] (ECF No. 454.) "Meinhardt released GAF from all claims pertaining to the Timberline shingles at issue in this appeal by executing written releases in 2012 and 2014." (*Id.*) On January 22, 2018, Meinhardt filed a reply, stating (1) the terms of any

---

[2] Section 7.12(c) of the Non-Mobile Settlement Agreement states:

> GAF is permitted to deny a Claim if:
>
> (c) a Settlement Class Member has not remedied all deficiencies in its Claim within sixty (60) days of a third Deficiency Notice sent by GAF and/or the Third Party Claims Administrator.

(ECF No. 273-1.)

[3] Section 7.16(d) of the Non-Mobile Settlement Agreement states:

If GAF denies a Settlement Class Member's Claim in whole or in part, the Settlement Class Member has the right to appeal the denial to a Special Master. The following procedures will govern any such appeal:

> (d) In any such appeal, the Special Master may request that an Independent Claim Investigator inspect the Settlement Class Member's property and evaluate the Claim pursuant to the terms of this Agreement. Such an inspection shall be requested within forty-five (45) days of the Notice of Appeal, and shall be completed by the Independent Claim Investigator within sixty (60) days of the inspection request, weather permitting. The Independent Claim Investigator will submit a written report setting forth his or her findings to the Special Master, Settlement Class Member, Coordinating Class Counsel, and GAF as soon as possible following the inspection and no later than thirty (30) days following the inspection.

[4] Section 4.2(b) of the Non-Mobile Settlement Agreement is discussed below.

3

previous settlement agreement contained no restriction on future claims; (2) the cracking of shingles was not known at the time of the previous releases; and (3) the Non-Mobile Settlement Agreement contains no exclusion for payments or releases made for conditions other than cracked shingles. (ECF No. 456.)

## II. ANALYSIS

At the outset, the court agrees with GAF that Meinhardt's assertion that the Special Master did not comply with a deadline to request an inspection of his roof under § 7.16(d) of the Non-Mobile Settlement Agreement is irrelevant because his claim is expressly barred under § 4.2(b) of the Non-Mobile Settlement Agreement. Section 4.2(b) of the Non-Mobile Settlement Agreement states in pertinent part:

> Excluded from the Settlement Class are:
>
> *all persons or entities who have executed a release, and/or received compensation in any form from GAF*, whether in cash and/or through a certificate for shingles, for any claims or complaints concerning, or for the replacement or repair of, any and all Cracked Non-Mobile Timberline® Shingles installed on the property owned by them that was the subject of the release or compensation, including in connection with any warranty claim made to GAF pursuant to the terms of the GAF Limited Warranty or any other GAF Warranty, regardless of whether such complaint or warranty claim identified cracking as the basis of the complaint or warranty claim.

(Emphasis added.) (ECF No. 273-1 at 20.)

The Non-Mobile Settlement Agreement clearly and unambiguously excludes persons from the Settlement Class who have previously executed a release and/or been compensated by GAF. This provision prevents claimants from recovering multiple times for alleged defects in the same shingles. Only members of the Settlement Class are eligible for compensation. Here, Meinhardt previously executed two releases and twice received compensation for the same shingles that are the subject of his present claim.

4

The documents submitted by Meinhardt in support of his class action claim clearly show that the shingles for which he is presently seeking compensation were purchased in November 2001 and February 2002 and were installed on his property located at 27496 Bayshore Drive, Isanti, Minnesota. These are the same shingles that were the subject of Meinhardt's two prior warranty claims for which GAF paid Meinhardt $8,170.00 on October 15, 2012 and $1,124.20 on September 15, 2014. As part of the prior warranty claims, Meinhardt executed two releases, dated September 21, 2012 and July 16, 2014, of all claims against GAF for the shingles that are the subject of this appeal. (ECF No. 454-4.) As a result, Meinhardt is specifically excluded from the Settlement Class per the clear and unambiguous terms of § 4.2(b) of the Non- Mobile Settlement Agreement, and he is ineligible for any additional compensation.

Meinhardt's first argument in his Reply that the terms of any previous settlement agreement contained no restriction on future claims, and his second argument that the cracking of shingles was not known at the time of the previous releases, is irrelevant because the releases specifically state that they are for "*any and all claims* you may have against GAF arising out of or in connection with the shingles involved in this claim (emphasis added)." (ECF No. 454-4.) This statement releases *any and all claims* (which would include future claims), and it does not qualify the type of claims that must be at issue in regard to the damaged shingles. Further, and in regard to Meinhardt's third argument that the Non-Mobile Settlement Agreement contains no exclusion for payments or releases made for conditions that were other than cracked shingles, the Settlement Agreement explicitly states that it "includ[es] any warranty claim made to GAF pursuant to the terms of the GAF Limited Warranty or any other GAF Warranty, regardless of whether such complaint or warranty claim identified cracking as the basis of the complaint or warranty claim." (ECF No. 273-1 at 20.) In addition, the GAF Class Action Settlement Agreement Information

Form authorized by the court and received by Meinhardt discloses that "the lawsuits claim a defect that might cause the roofing shingles to prematurely fail, including cracking, splitting, or tearing." (ECF No. 456-1 at 1.) Accordingly, the court finds that the Non-Mobile Settlement Agreement is not limited to cracked shingles.

### III. CONCLUSION

Based on the foregoing, the court **DENIES** Meinhardt's Motion to Overrule Special Master's 12/8/17 Findings and Grant Compensation to Appellant Under the Settlement Agreement (ECF No. 450).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 25, 2018

Columbia, South Carolina