IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| In re: ) | | C.A. No. 8:11-mn-02000-DCC |
| Building Materials of ) | | |
| America Asphalt Roofing Shingle ) | | |
| Products Liability Litigation ) | | |
| ) | | |
| _____ ) | | **OPINION AND ORDER** |
| This filing relates to the Management ) | | |
| File here captioned and the following ) | | |
| civil actions: ) | | |
|    All actions ) | | |
| _____ ) | | |

This matter is before the Court on a request for fees through a September 20, 2023 invoice, and September 21, 2023 letter[1] that former Special Master John P. Linton ("former Special Master Linton") submitted to Standard Industries, Inc. f/k/a Building Materials Corporation of America d/b/a GAF Materials Corporation ("GAF"). *See* ECF No. 618. GAF filed Objections, and former Special Master Linton filed a Reply. ECF Nos. 619, 620. For the reasons set forth below, the Court finds that former Special Master Linton is entitled to $54,129.74 for all outstanding services he rendered as Special Master together with payment of $2,700.00 per appeal for all unpaid appeals, if any, between June 4, 2017 and July 20, 2023.

## **BACKGROUND**

The Court begins with a brief discussion of the relevant procedural history of this

---

[1] Neither party filed the September 20, 2023, invoice or September 21, 2023 letter, and a Text Order entered by the Court on September 21, 2023, directly references the invoice and letter. ECF No. 618 (stating that "[t]his matter is before the Court on the former special master's final itemized billing to GAF and copied to all counsel of record").

action including former Special Master Linton's role in these proceedings.[2]  On May 28, 2015, the parties to the underlying litigation filed a Joint Stipulation Regarding the Selection of a Special Master whereby they stated that they would meet and confer "to agree upon a joint nominee for Special Master" and requested that the Court[3] select one of six candidates for Special Master "[i]n the event that the parties have not agreed on a nominee for Special Master by June 19, 2015[.]"  ECF No. 156 at 2.  On June 23, 2015, the Court entered an Order appointing a Special Master and defining the scope of his duties as consistent with the parties' settlement agreements and as follows:

> The Special Master shall have the power to make decisions in all matters brough to him by Mobile or Non-Mobile settlement class members, coordinating class counsel or GAF pertaining to the administration, implementation, and enforcement of the settlement agreements and to resolve those issues that are to be resolved by the Special Master in accordance with the terms of the settlement agreements, subject to review by the court.  The Special Master shall have a continuing obligation to be neutral and unbiased for the duration of the settlement agreements and shall inform coordinating class counsel and GAF in the event of any conflict of interest.

ECF No. 157 at 1–2.  On January 19, 2017, former Special Master Linton filed an Omnibus Order, and on February 9, 2017, GAF filed Objections to the Omnibus Order.

---

[2] There is no pending Motion before the Court, only GAF's Objections to the September 20, 2023 invoice submitted by former Special Master Linton.  In former Special Master Linton's Response, he does not include a recitation of the facts.  See ECF No. 620.  Former Special Master Linton disputes a specific fact, notably that his "handling of claims prior to the 2017 agreement . . . were paid in full" because he first "agreed to reduce . . . statements which was then paid promptly and in full."  Id. at 5.  Accordingly, the Court will cite to undisputed facts included in GAF's Objections.

[3] Judge J. Michelle Childs presided over this matter before being appointed to the D.C. Circuit Court of Appeals.  After her appointment, the case was reassigned to the undersigned.  See ECF No. 579.

ECF Nos. 302, 318.  The Court entered a Text Order on April 20, 2017, in which the Court ruled that former Special Master Linton exceeded the scope of his authority as provided by the settlement agreements in filing the Omnibus Order.  ECF No. 366.  In a letter from former Special Master Linton to GAF dated June 14, 2017, former Special Master Linton accepted a check from GAF in the amount of $125,000.00 for "full satisfaction of the invoice for services and expenses for the dates set forth in your letter."[4]  ECF No. 620-1 at 2.  In the letter, former Special Master Linton also modified the fee agreement between the parties to charge GAF $2,700.00 as a flat rate for each appeal, but excluded "status conferences and any reports that are required to be submitted pursuant to [his] role as Special Master."  *Id.*

On May 10, 2022, former Special Master Linton informed GAF that he intended to investigate Dr. Fichera's complaints—a class member of the underlying litigation—and GAF objected, in part, because Dr. Fichera had not filed an appeal.  ECF No. 619 at 3–4.  Despite GAF's objections, former Special Master Linton continued with his investigation, *id.* at 4, and on June 27, 2023, filed a Report and Recommendation ("Report") in which he concluded, in part, that "GAF breached the 'commercially reasonable standard' required by Section 3.1 [of the settlement agreement] for handling claims of potential claimants who are unaware of the class settlement and who request a warranty claim for shingles covered by the class settlement[,]" ECF No. 591 at 20.  On the same day, GAF filed a Motion for Reconsideration regarding the Report, and the Court entered a Text Order finding that former Special Master Linton "exceeded his authority

---

[4] As noted earlier, former Special Master Linton disputes this specific language in his letter dated June 14, 2017.  *See* ECF No. 620 at 5.

with respect to the portions of the Report which discuss issues that have not been raised by any party or class claimant" including "the issue of whether GAF's settlement claims protocol complies with commercially reasonable standards."  ECF Nos. 592, 596.

In December 2022, former Special Master Linton submitted an invoice for $7,987.50 to GAF for services rendered from August 2021 to November 2021 related to Dr. Fichera's complaints.  ECF No. 619 at 4.  On July 31, 2023, GAF filed a Final Claim Activity Report pursuant to the settlement agreements, and on August 14, 2023, the Court entered a Text Order acknowledging receipt of the Final Claim Activity Report and terminating the Special Master.  ECF Nos. 612, 615.  Alongside a letter dated September 21, 2023, former Special Master Linton submitted an invoice dated September 20, 2023 to GAF reasserting charges for $7,987.50 in addition to asserting new charges for $107,660.99.  *See* ECF No. 618.  In total, he requested compensation for charges totaling $115,648.49 related to "his investigation of complaints raised by class member [Dr.] Fichera over the time period August 2021 through July 2023."  ECF No. 619 at 1.  On September 29, 2023, GAF filed Objections to Former Special Master John P. Linton['s] Invoice Dated September 20, 2023, and on October 4, 2023, former Special Master Linton filed a Response.  ECF Nos. 619, 620.  Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

### *Appointment and Compensation of a Special Master*

Under Federal Rule of Civil Procedure 53, a court may appoint a special master to "perform duties consented to by the parties" and "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."  Fed. R. Civ. P. 53(a)(1)(A)–(C).  In addition, "beyond the provisions

4

of Rule 53, district courts have the inherent power to appoint a special master for the administration of justice 'when deemed by it essential.'" *Case v. French Quarter III LLC*, C.A. No. 9:12-cv-02804-DCN, 2014 WL 6971019, at *1 (D.S.C. Dec. 9, 2014) (citing *Trull v. Dayco Products, LLC*, 178 F. App'x 247, 251 (4th Cir. 2006)); (citing *United States v. Connecticut*, 931 F. Supp. 974, 984 (D. Conn. 1996)). A special master's "compensation must be paid either . . . by a party or parties; or . . . from a fund or subject matter of the action within the court's control." Fed. R. Civ. P. 53(g)(2)(A)–(B).

## ANALYSIS

GAF contends that pursuant to the letter dated June 14, 2017, former Special Master Linton agreed to charge a flat fee of $2,700.00 per appeal and "an hourly rate only for attending status conferences and any reports that may be 'required' in his role as Special Master" but despite the agreement, submitted an invoice for actions taken outside the scope of his authority pursuant to the June 27, 2023 Order. ECF No. 619 at 5. Specifically, GAF argues that former Special Master Linton exceeded the scope of his authority by "proceed[ing] with his unauthorized investigation[.]" *Id.* at 5. GAF agrees to pay $2,700.00 for the "handling of [Dr.] Fichera's complaints" and former Special Master Linton's "hourly rate for any time spent attending status conferences before the Court[.]" *Id.* at 5–6.

In contrast, former Special Master Linton asserts that although he agreed to charge a flat fee of $2,700.00 for appeals, investigating "Dr. Fichera's complaints did not involve a routine appeal or any appeal." ECF No. 620 at 1. He contends that he investigated Dr. Fichera's complaints not on his own accord but because Judge Childs instructed him to do so in August 2021. *Id.* Further, former Special Master Linton argues that he disposed

5

of 102 appeals since agreeing to the flat fee of $2,700.00. *Id.* at 2. He also relies, in part, on the fact that the fee agreement permitted him or GAF to revisit the agreement annually and despite inflation arguably justifying an adjustment, he declined to adjust the agreed upon fees. *Id.* With respect to the outstanding $7,987.50, former Special Master Linton contends that he discovered that he had not previously charged the amount after responding to a request from GAF. *Id.*

Having reviewed the arguments and submissions of the parties, the Court finds that former Special Master Linton is entitled to $54,129.74 for all outstanding services he rendered as Special Master together with payment of $2,700.00 per appeal for all unpaid appeals, if any, between June 4, 2017, and July 20, 2023. Here, former Special Master Linton is entitled to payment for services unrelated and related to Dr. Fichera's complaints. To begin with, the parties do not dispute that GAF has not tendered payment for the $7,987.50 former Special Master Linton previously charged to GAF in December 2022. *See* ECF Nos. 619 at 4–5; 620 at 2. Former Special Master Linton is entitled to payment of the $7,987.50 because, based on the dates of the services rendered, the outstanding balance is apparently related to a 2021 inquiry requested by Judge Childs. Former Special Master Linton is also entitled to $13,106.25 for expenses incurred between August 24, 2022, through September 1, 2022, to handle transition matters related to case reassignment to the undersigned and to attend a hearing in Columbia, South Carolina.

With respect to matters related to Dr. Fichera, GAF requests that the Court limit payment for matters related to Dr. Fichera to the agreed upon $2,700.00 flat fee for appeals. ECF No. 619 at 5–6. However, Dr. Fichera's complaints did not constitute an

6

appeal within the settlement framework.[5]  While former Special Master Linton's Omnibus Order extending the claims filing period by 60 days on his own motion, ECF No. 302, and Report investigating GAF claims processing on his own motion, ECF No. 591, were beyond the scope of his authority, the June 23, 2015 Order Appointing Special Master specifically authorizes him to "make decisions in all matters brought to him by . . . settlement class members[,]" ECF No. 157.  Thus, former Special Master Linton was not at liberty to ignore concerns raised by Dr. Fichera, an admittedly difficult claimant.  In fact, GAF did not object to former Special Master Linton dealing with Dr. Fichera at the time nor to him providing information, submitting briefing, and attending hearings.  GAF never applied to former Special Master Linton or the Court to limit the former Special Master's duties or responsibilities towards Dr. Fichera.  In fact, former Special Master Linton's letter to GAF dated June 14, 2017, specifically preserves his hourly billing for "status conferences and any reports that are required to be submitted pursuant to [his] role as Special Master."  ECF No. 620-1 at 2.

Accordingly, after review of the submitted invoice and the filings in this matter, former Special Master Linton is entitled to payment related to Dr. Fichera as follows: (1) $9,281.25 for expenses incurred between April 10, 2023, and July 20, 2023, for handling matters related to Dr. Fichera as directed by the Court and for coordinating Final Annual Claims Reports for the Court; (2) an amount to be determined for any unpaid appeals undertaken between June 4, 2017, and July 20, 2023, at a flat fee of $2,700.00 per appeal

---

[5] Indeed, both GAF and former Special Master Linton acknowledge that Dr. Fichera did not perfect an appeal in their submissions to the Court.  *See* ECF Nos. 619 at 6 (stating that "she chose not to avail herself of the appeal procedure outlined in the Settlement Agreements"); 620 at 1 (stating that "[t]he short answer is inquiry into Dr. Fichera['s] complaints did not involve a routine appeal or any appeal").

7

as agreed upon in the letter dated June 14, 2017; (3) $35,700.00—which is equitably reduced by 50% to $17,850.00 for work that exceeded former Special Master Linton's authority—for expenses incurred between May 23, 2022, and August 1, 2022, for specific actions taken related to Dr. Fichera's complaints including preparing for a hearing before Judge Childs ($7,800.00), preparing for (and following upon) an evidentiary hearing before Judge Childs ($3,300.00), reviewing communications with the parties and the Court ($3,000.00), preparing the Report ($15,900.00), preparing a detailed letter related to Report issues ($2,100.00), and preparing a Motion for Reconsideration ($3,600.00); and (4) $3,204.74 for documented expenses.  Any other charges related to Dr. Fichera's complaints will be treated as a single "appeal" whereby former Special Master Linton is entitled to a flat fee of $2,700.00.  The total of these allowed charges is $54,129.74.

## **CONCLUSION**

For the reasons set forth above, former Special Master Linton is entitled to $54,129.74 for all outstanding services he rendered as Special Master together with payment of $2,700.00 per appeal for all unpaid appeals, if any, between June 4, 2017, and July 20, 2023.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 4, 2024
Spartanburg, South Carolina